UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PINE TREE VILLA, LLC, et al.,                                                                                                         Plaintiffs,

v.                                      Civil Action No. 3:16-cv-570-DJH

SANDRA LASLEY, as Attorney in Fact of
Clarence Smith,                                                                  Defendant.

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Plaintiffs, various nursing-home entities, filed this action under § 4 of the Federal Arbitration Act to compel arbitration of claims asserted in state court by Sandra Lasley on behalf of Clarence Smith, a resident of one of Plaintiffs' facilities.[1] (*See* Docket No. 1; D.N. 1-3, PageID # 25) Initially, Plaintiffs invoked the Court's diversity and federal-question jurisdiction, alleging that the parties were completely diverse and that a federal question existed because the state court's application of Kentucky Supreme Court precedent would violate the FAA and the United States Constitution. (D.N. 1, PageID # 2-4) They failed to provide sufficient information for the Court to determine that the parties were in fact diverse, however, and they ultimately abandoned their allegation of diversity. (D.N. 19, PageID # 272-73; *see* D.N. 10, 13) The Court must therefore determine whether it possesses federal-question jurisdiction before proceeding. *See IMHOFF Inv., L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 631 (6th Cir. 2015) ("Courts must resolve questions of subject matter jurisdiction before ruling on the merits of the claim." (citing *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir. 1983)).

---

[1] The plaintiffs are Pine Tree Villa, LLC; Genesis Healthcare, LLC; HBR Kentucky, LLC; GEN Operations I, LLC; GEN Operations II, LLC; and GHC Holdings II, LLC. (*See* D.N. 1, PageID # 1)

1

Plaintiffs argue that their challenge to the validity of *Extendicare Homes, Inc. v. Whisman*, 478 S.W.3d 306 (Ky. 2015), constitutes a federal question. (*See* D.N. 19, 21) In *Whisman*, the Kentucky Supreme Court held that a delegation of authority to waive the right to trial by jury should not be inferred absent "a clear and convincing manifestation of the principal's intention to do so."[2] 478 S.W.3d at 313. The majority in *Whisman* concluded that a broad grant of power to make contracts on behalf of the principal did not confer the requisite authority. *See id.* at 324-26.

According to Plaintiffs, application of *Whisman* in the parties' underlying state-court action would violate the Fourteenth Amendment "by denying Plaintiffs' fundamental right to enter into contracts, specifically the right to enter into enforceable arbitration contracts freely with [nursing home] residents' agents," such as Lasley. (D.N. 19, PageID # 274) They further contend that *Whisman* runs afoul of the Supremacy Clause and the FAA itself. (D.N. 21, PageID # 279) Plaintiffs thus maintain that the Court may exercise subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because their "claims arise under the United States Constitution . . . and the laws of the United States." (D.N. 19, PageID # 273) Their attempt to recharacterize the relevant dispute is unpersuasive.

As Plaintiffs acknowledge, the FAA does not confer subject-matter jurisdiction; rather, there must be "'an independent jurisdictional basis' over the parties' dispute."[3] *Vaden v.*

---

[2] The United States Supreme Court granted certiorari in *Whisman* on October 28, 2016. *See Kindred Nursing Ctrs. Ltd. P'ship v. Clark*, No. 16-32, 2016 U.S. LEXIS 6407 (Oct. 28, 2016). The outcome of that case is not relevant to the question presented here, namely whether the Court has subject matter jurisdiction over this action by virtue of the plaintiffs' argument that *Whisman* is unconstitutional.

[3] Section 4 of the FAA provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a

2

*Discover Bank*, 556 U.S. 49, 59 (2009) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008)). To determine whether federal-question jurisdiction exists in a § 4 action, the Court "look[s] through" the petition to see if it is "predicated on an action that 'arises under' federal law." *Id.* at 62. Only if the "underlying substantive controversy" presents a federal question does the Court have jurisdiction under § 1331. *Id.*

Here, the "underlying substantive controversy" is found in the state-court complaint, which alleges negligence and state statutory violations. (*See* D.N. 1-3, PageID # 28-36) Such claims do not "aris[e] under" federal law. 28 U.S.C. § 1331. Nor does the defendant's expected reliance on *Whisman* give rise to a federal question (*see* D.N. 5-1, PageID # 94); it is well established that "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden*, 556 U.S. at 60 ("It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of [federal law]." (alteration in original) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908))). Although the plaintiffs assert violations of the Due Process and Equal Protection Clauses, alleging that Smith has "abridge[d] Plaintiffs' Constitutional right[s]" by pursuing his claims in reliance on *Whisman* (D.N. 1, PageID # 10, 12), the parties' true dispute is the one pending in Jefferson Circuit Court—without it, the claims asserted in this action would be purely hypothetical.[4]

---

civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

[4] The Court notes that Smith is not the proper defendant for Plaintiffs' due process and equal protection claims in any event, as the Fourteenth Amendment's prohibitions apply to states, not individuals. *See* U.S. Const. amend. XIV, § 1.

3

Irrespective of this Court's (and others') views as to the wisdom of *Whisman*, *see GGNSC Louisville Hillcreek, LLC v. Watkins*, No. 3:15-cv-902-DJH, 2016 U.S. Dist. LEXIS 25372, at *13 n.3 (W.D. Ky. Feb. 29, 2016), Plaintiffs' argument concerning its constitutionality does not provide the necessary "independent jurisdictional basis" in this case. *Vaden*, 556 U.S. at 59 (internal quotation marks and citation omitted). And nothing in the parties' briefs on the various pending motions suggests any other potential basis for jurisdiction. In the absence of diversity or a federal question, this action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that this matter is **DISMISSED** without prejudice and **STRICKEN** from the Court's docket. All dates and deadlines are **VACATED**. All pending motions are **DENIED** as moot.

November 23, 2016

                                                **David J. Hale, Judge**
                                     **United States District Court**